IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:00CR0008

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LETITIA L. PICKLESIMER | ) |
| | ) |

**ORDER**

**THIS MATTER** is before the Court on Defendant's *pro se* motion, submitted in the form of a letter to the Court filed May 25, 2010, regarding restitution. Specifically, Defendant seeks relief from the United States' collection activities regarding the restitution debt set forth in the criminal judgment in this matter. For the reasons stated below, the Court denies Defendant's request.

### I. PROCEDURAL HISTORY

The criminal judgment was entered in this matter on December 27, 2000. Defendant was convicted by a jury on September 28, 2000, of eighteen separate counts stemming from her involvement in a "Ponzi" scheme. Because Defendant was sentenced after April 24, 1996, the Mandatory Victim Restitution Act (MVRA) applies. *See* 18 U.S.C. § 3663A and 3664.

In accordance with the MVRA, Defendant was ordered to pay restitution to the victims in the amount of $8,398,486.07, as well as an assessment of $1,900.00. Defendant's sentence included a prison term of 60 months and Defendant was ordered to pay the restitution amount in full immediately. According to the records maintained by the Clerk of Court, Defendant has paid the $1,900.00 assessment and $5,146.00 of the restitution obligation. $7,120,815.33 remains

outstanding, subject to any payments that have been collected recently, but which have not yet been entered into the relevant accounting system.

The government filed a request for a Writ of Continuing Garnishment in accordance with 28 U.S.C. § 3205(b)(1). In response, Defendant authored a letter to the Court requesting reconsideration of the garnishment of 25% of her net wages. Specifically, Defendant requested that her monthly payment be limited to the $100.00 she was paying while under supervision, stating that otherwise she would be unable to meet her monthly expenses. Defendant previously had provided the government with a financial affidavit and stated, both in her letter to the Court and her March 2, 2010, financial statement, that the net monthly income for Defendant and her spouse totals $3,524.00. She claimed her necessary monthly expenses total $3,348.00, which includes $100.00 for a monthly restitution payment.

Defendant's financial affidavit showed that her monthly expenses include $150.00 for cable, $130.00 for a time share, $315.00 for phone service, $430.00 for car insurance, and $400.00 per month for her electric bill. Defendant also maintains a Wachovia bank account with deposits of $3,500.00, and, in the period after her release, has made several purchases of furniture, jewelry, and electronics, each costing over $100.00 (the purchases listed in the affidavit total $1,975.00). Defendant and her spouse also purchased a time share in 2009 for $8,000.00. In February, Defendant requested permission from the Court to take a cruise to the Bahamas in June 2010 to celebrate her anniversary.

## II. ANALYSIS

While Defendant requests relief from the Writ of Continuing Garnishment, she has provided the Court with no authority or evidence to support such a request. The MVRA, pursuant to § 3664(m)(1)(A)(i), "provides the Government authority to enforce victim restitution orders in the

same manner that it recovers fines and by all other available means." *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007). These methods of collection include the Federal Debt Collection Procedures Act ("FDCPA"). The government specifically is permitted to enforce its judgments against all non-exempt property of a defendant. 18 U.S.C. § 3613(a).

The government correctly contends its restitution enforcement methods "remain available even in the face of a payment schedule instituted by the district court in its criminal judgment." *United States v. Clayton*, 646 F.Supp.2d 827, 835 (E.D.La. 2009). The length of the period in which the Government can collect its debt necessitates that some amount of flexibility remain in the hands of the restitution collectors to ensure fulfillment of the debt collection. *See, e.g., United States v. Lawrence*, 538 F.Supp.2d 1188, 1193 (D.S.D. 2008). Even the existence of a judicially prescribed payment schedule, therefore, does not preclude the government "from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied." *United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D.Va. 2004); *Miller*, 588 F.Supp.2d at 796-97 (approving of the decisions in both *Lawrence* and *James*); *United States v. Hanhardt*, 353 F.Supp.2d 957, 959-961 (N.D. Ill. 2004) (recognizing the persuasive force of the government's successful argument in *James*).

To satisfy a judgment against a defendant, the United States may petition the Court for a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). This interest includes nonexempt disposable earnings, *id.*, defined as 25% of a debtor's disposable earnings. 28 U.S.C. § 3002(9). Only a small handful of exemptions are provided by law, none of which are applicable in this matter. *See* 18 U.S.C. § 3613(a)(1). Where a court determines that the procedural requirements of the garnishment provisions are satisfied, the court "*shall issue*" the writ. 28 U.S.C. § 3205(c) (emphasis added). Here, it appears the government has fulfilled its statutory obligations properly, and indeed Defendant has raised no objections in this

regard. As the government has complied with the statutory requirements, there is no valid defense to the entry of a writ of garnishment.

To the extent Defendant would have the Court consider her letter/motion to be a request for hearing or objection to the garnishment, such objections are significantly limited by statute. The FDCPA provides that courts are limited to (1) determining the validity of claimed exemptions; (2) compliance with statutory requirements for issuance of the post-judgment collection remedy requested; and (3) where judgment was entered by default, the validity of the debt and judgment. 28 U.S.C. § 3202(d). Here, Defendant has raised no such valid objections and she is not, therefore, entitled to a hearing.

The Court retains discretion to set and modify minimum required periodic payments related to fines, restitution, and assessments set forth in its judgments. The Court retains specific authority to modify the court-ordered schedule for repayment of an order of restitution, as the interests of justice require, upon receipt of notice of any material change in a defendant's economic circumstances that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Here, Defendant has shown no material change in her economic circumstances that would justify limiting the garnishment. The government has not acted improperly or abusively and Defendant owes a massive restitution debt, joint and several with her co-defendants. Defendant's financial statement shows that her lifestyle has not been at all impacted by her efforts to repay her debt. She is well able to meet her reasonable living expenses, and in fact has ample discretionary income to provide for nonessential items such as cable television, vacations abroad, a time share, jewelry, furniture, and electronics. While Defendant may not be leading an outrageously extravagant lifestyle, she certainly is not making all possible efforts to pay restitution. Should the Court entertain Defendant's claim of hardship, the burden is on Defendant to show her actual resources and needs. 18 U.S.C. §

3664(e). Here, Defendant has not shown the Court that she suffers any actual hardship and is not entitled to any modification of the government's request for garnishment of 25% of Defendant's net wages.

### III.   ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce the percentage of her garnished wages is **DENIED**.  To the extent Defendant's letter can be taken as a request for hearing on the matter, this request likewise is **DENIED**.

Signed: June 24, 2010

Frank D. Whitney
United States District Judge